UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CR-31-M

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | INFORMATION |
| ) | |
| JONAS LAMONT HARGROVE ) | |

The United States Attorney charges that:

At all times relevant to this Criminal Information:

### Small Business Administration

1.  The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small business and by assisting in the economic recovery of communities after disasters.

2.  As part of this effort, the SBA facilitated loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

### The Paycheck Protection Program

3.  The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small

businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

4. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) was required to state its average monthly payroll expenses and its number of employees, among other things. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

5. A PPP loan application was processed by a participating financial institution ("lender"). If a PPP loan application was approved, the participating lender would fund the loan using its own monies, which were guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

6. PPP loan proceeds were required to be used by the business on certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance, the interest and principal on the PPP

2

Case 5:23-cr-00031-M   Document 6   Filed 02/07/23   Page 2 of 7

loan was eligible for forgiveness if the business was eligible for the PPP loan it received, spent the loan proceeds on these permissible expense items within a designated period of time, and used a certain portion of the loan proceeds for payroll expenses.

## The Scheme to Defraud

7. JONAS LAMONT HARGROVE devised a scheme and artifice to defraud the United States, through the SBA, and various financial institutions, including Bank 1, by: (1) falsifying a PPP loan application, forms, and other documents ("fraudulent loan application"); (2) submitting and causing to be submitted fraudulent loan application in order to obtain funds through the PPP; and (3) receiving and obtaining payment from Harvest Small Business Finance, LLC, based on the fraudulent loan applications submitted.

## Purpose of the Scheme

8. The purpose of the scheme and artifice was for the defendant to unjustly enrich himself and others through the submission of the fraudulent loan application.

## Manner and Means of the Scheme

9. The manner and means by which HARGROVE sought to accomplish the objects and purpose of the scheme and artifice included, among others:

10. On or about May 29, 2021, HARGROVE electronically submitted and caused to be submitted a false and fraudulent PPP application in the name of Jonas Hargrove LLC., from Wilson County, North Carolina, seeking approximately $20,833 in PPP funds. HARGROVE signed the PPP application and certified that the

application and all information provided therein, as well as the supporting documents and forms, were true and accurate. Among other things, HARGROVE certified that the funds would be used for "payroll costs," as well as for making other permissible expenses.

11. Based on HARGROVE's material misrepresentations set forth in the fraudulent PPP application and supporting documents, on or about May 27, 2021, Harvest Small Business Finance, LLC, approved the PPP application, and, on or about June 5, 2021, disbursed approximately $20,833 in loan benefits to account number x5525, held by HARGROVE at First Citizens bank.

## COUNT ONE

12. Paragraphs 1 through 11 of this Information are incorporated herein by reference as factual allegations.

13. Beginning in or around May 2021, and continuing through in or around at least June 5, 2021, in Wilson County, in the Eastern District of North Carolina, and elsewhere, the defendant, JONAS LAMONT HARGROVE, having knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, writings, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

4

## COUNT TWO

On or about August 13, 2021, in the Eastern District of North Carolina, the defendant, JONAS LAMONT HARGROVE, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly possessed a firearm, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

(Remainder of page intentionally left blank.)

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any violation of, or conspiracy to violate, Section(s) 215, 656, 657, 1006, 1007, 1014, 1341, 1343, or 1344 of Title 18 of the United States Code affecting a financial institution, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the said violation.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or that were intended to be used in any offense identified in 18 U.S.C. § 924(d)(3), or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

The forfeitable property includes, but is not limited to, the following:

Forfeiture Money Judgment:

a) A sum of money representing the gross proceeds of the offense(s) charged herein against JONAS LAMONT HARGROVE, in the amount of at least $20,833

b) A Ruger .380 caliber handgun, serial number 372301628, and all associated magazine and ammunition.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

MICHAEL F. EASLEY, JR.
United States Attorney

BY: ETHAN A. ONTJES
Assistant United States Attorney